UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIANCA WEBBER,

Plaintiff,

v. CASE NO. 8:26-cv-2202-MSS-SPF

LEE ANN BENNET, ERIC KOMITEE, EUGENE J. CORCORAN, LAURA TAYLOR SWIFT, EDGARDO RAMOS, ARUN SUBRAMANIAN, and EDWARD A. FRIEDLAND

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court construes Plaintiff's application as motion for leave to proceed *in forma pauperis*. For the following reasons, the undersigned recommends that Plaintiff's motion be denied.

## I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefore. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Accordingly, where a district court determines from the face of the

complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

## II. ANALYSIS

Plaintiff's Complaint consists of exactly one sentence that states: "Defendant(s) campaigned for partisan offices, the court should issue a mandate." (Doc. 1). Accordingly, Plaintiff's Complaint fails to state a claim for a multitude of reasons. As an initial matter, Plaintiff's Complaint fails to identify how this Court has subject matter jurisdiction over Plaintiff's claim or personal jurisdiction over Defendants, many of whom appear to be federal judges subject to judicial immunity. Moreover, Plaintiff's claim is not tied to any particular cause of action and fails to meet the pleading requirements of Federal Rule of Civil Procedure 8. Furthermore, improper campaigning is generally not subject to a private right of action. Finally, the relief sought be Plaintiff, an ambiguous "mandate," is a form of relief specifically reserved for appellate courts and not something this Court, as a trial court, can offer. *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) ("The mandate rule . . . dictates that a trial court, 'upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'") (quoting *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004)); *see also* Fed. R. App. P. 41 (defining and discussing the role of a mandate).

## III. CONCLUSION

Simply stated, Plaintiff's Complaint fails to give rise to a viable federal claim because the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Generally, a pro se plaintiff must be given an opportunity to amend his or her complaint before the district court dismisses it. *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003). The court, however, need not allow an amendment where such an amendment would be futile. *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* Any further attempts to amend would be futile here because the defects noted are not amenable to correction on amendment.

Accordingly, it is hereby

**RECOMMENDED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED.
2. Plaintiff's complaint (Doc. 1) be deemed frivolous and DISMISSED with prejudice.
3. The Clerk be directed to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on September 30, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th

Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.